COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-319-CR
  
  
NICHOLAS LEROY SMITH                                                       APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM THE 371ST 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Nicholas Leroy Smith of aggravated robbery with a 
deadly weapon and sentenced him to sixty years’ confinement in the 
Institutional Division of the Texas Department of Criminal Justice and a fine of 
$10,000. Appellant brings twelve points on appeal, complaining that the trial 
judge erred in denying his motion for continuance and motion for new trial and 
by overruling Appellant’s objections to comments by the prosecutor and denying 
his motion for mistrial based on some of those comments. Because we hold that 
the trial court did not reversibly err, we affirm the trial court’s judgment.
        At 
around midnight, Appellant approached the complainant, a sixty-year-old woman, 
and demanded her purse. When she refused to give it to him, Appellant shot her. 
The complainant fell to the ground, striking her head. Appellant grabbed the 
purse off her arm and jumped into a truck driven by Tyler McCall. As a result of 
her injuries, the complainant was in a coma for approximately two weeks. When 
she awoke, she provided information resulting in a sketch of the man who shot 
and robbed her. The sketch, along with an article about the robbery, was printed 
in the newspaper.
        After 
the article and sketch appeared in the newspaper, Appellant was celebrating at a 
going-away party given for him when he began bragging about shooting and robbing 
the woman in the article. Appellant put the newspaper clippings in the memory 
book he was given at the party. After hearing Appellant brag about robbing and 
shooting the woman, Appellant’s friends contacted the police. The police 
arrested Appellant, and he provided a written confession. While in jail, 
Appellant also told his cell mate that he had shot a sixty-year-old lady in the 
gut and had taken her purse.
        In 
his first three points, Appellant argues that the trial court reversibly erred 
and abused its discretion in overruling his motion for continuance because the 
prosecutors failed to provide the requested rule 404(b) notice until the day of 
trial, twenty-three months after the original request for notice. He also argues 
that the trial court erred and abused its discretion in failing to conduct a 
hearing on his motion for new trial based on the denial of his motion for 
continuance.
        As 
the State points out, when the State disclosed its intent to introduce 
extraneous offenses, Appellant objected and asked for a continuance, or in the 
alternative, the exclusion of the evidence of extraneous offenses. The trial 
court granted Appellant’s alternative request and ruled that the State could 
not offer evidence of the extraneous offenses in its case in chief.
        Appellant 
argues that because the State was allowed to offer the evidence of extraneous 
offenses in rebuttal, the trial court erred in denying the motion for 
continuance. At the hearing on Appellant’s motion for continuance, the 
following exchange occurred:
  
DEFENSE COUNSEL: [O]ur request is that, one, our continuance be granted and be 
— we be given a reasonable amount of time to investigate the — these 
matters; the extraneous offenses, reexamine the Defendant’s statement, and be 
able to contact the people about the firearms issue if we had — or, 
alternatively, one, that the Court make an order saying that the extraneous 
offenses, the Defendant’s second statement, and the firearms analysis are not 
admissible in this trial, if the trial is going to proceed right away.
 
Next, one of Appellant’s 
defense attorneys questioned the other defense attorney:
 
Q. Okay. Now, in this particular matter, could that be remedied by the granting 
of a continuance?
 
A. Yes.
 
Q. Could it also be remedied 
by a simple order precluding the State from going into these late disclosed 
matters?
 
        A.     Yes.
 
Q. In other words, if 
they’re not going to be able to go into them, then there would be no need to 
investigate, and the case could go forward; is that correct?
 
        A.     That’s 
correct.
 
        Q. 
    Okay. And are those the remedies that 
you’re requesting?
 
        A.     Yes.
 
 
        The 
trial court excluded evidence of Appellant’s second statement and the 
certificates of analysis concerning the firearms. The trial court also excluded 
the extraneous offenses from use in the State’s case in chief. Appellant 
argues that the trial court reversibly erred by ruling that the extraneous 
offenses could be admitted in rebuttal. But Appellant’s rule 404(b) request 
goes only to extraneous offenses the State intended to offer in its case in 
chief; it does not go to rebuttal evidence. Because Appellant received all the 
relief he requested, he is, as the State argues, estopped from raising the 
complaint on appeal.[2]  We overrule 
Appellant’s first point.  Because Appellant’s motion for new trial 
raised the same questions as those addressed in regard to his first point, we 
also overrule Appellant’s second and third points.
        In 
points four through twelve, Appellant argues that the trial court erred in its 
rulings regarding comments made by the prosecutor. In his fourth point, 
Appellant complains of the prosecutor’s following argument:
 
He [Appellant] also says, oh, the heroin made me do it. Baloney. I submit to you 
that when he wrote this he knew that he was caught. He knew that he had told 
this the day before to a bunch of his friends.

Appellant objected that the 
argument was outside the record, a comment on Appellant’s failure to testify, 
and a comment on Appellant’s right not to give testimony while under arrest. 
The trial court overruled Appellant’s objections.
        In 
his fifth point, Appellant complains of the prosecutor’s following argument, 
which occurred immediately after the exchange discussed in Appellant’s fourth 
point: “He knew when he wrote this that 12 people would be sitting in a 
courtroom just like you are now.” Appellant objected that the argument was a 
comment on Appellant’s failure to testify. Appellant argues in his brief that 
the trial court overruled this objection; the trial court did not rule on this 
specific objection.
        In 
his sixth point, Appellant complains of the prosecutor’s response to his 
objections to the previous comment. The prosecutor responded, “Your Honor, 
it’s a[n] honest deduction from the facts.” Appellant objected again that 
the argument was a comment on Appellant’s failure to testify. The trial court 
sustained the objection and instructed the jury to disregard but denied 
Appellant’s motion for mistrial. Appellant complains of the denial.
        In 
his seventh point, Appellant complains about the following argument by the 
prosecutor:
  
That’s what you heard from Cara, and that’s what you heard from Arin. Those 
two girls were dear friends of this man. And it tore their hearts out to know 
that someone they thought they knew could do something so violent, so heinous, 
so scary. I submit to you from your observation of them on the stand they’re 
still afraid. They’re still afraid.
 
Appellant objected that this 
argument was outside the record, and the trial court overruled the objection.
        In 
his eighth point, Appellant complains about the prosecutor’s following 
argument, “He was caught, and he knew it.” Appellant objected that this 
argument was a comment upon his failure to testify and was outside the record. 
The prosecutor then stated, “It’s a logical deduction.“ The trial court 
overruled Appellant’s objection.
        In 
his ninth point, Appellant complains about the following argument, “I submit 
to you that this was, in his demented mind, his right of passage to manhood.” 
Appellant objected that the statement was a comment on his failure to testify 
and outside the record. The trial court sustained the objection and instructed 
the jury to disregard, but denied Appellant’s motion for mistrial.
        In 
his tenth point, Appellant complains about the following argument, “The Granny 
Killer they called him. And he liked that name.” Appellant objected that the 
argument was outside the record, and the trial court sustained his objection and 
instructed the jury to disregard the comment but denied Appellant’s motion for 
mistrial.
        In 
his eleventh point, Appellant complains of the prosecutor’s following 
argument, “What did the Defendant do? He was so remorseful that he kept the 
memory book and the bullet casing. And He was so remorseful when he shot her — 
let me take the word back.” Counsel objected to the argument regarding lack of 
remorse as a direct comment on Appellant’s failure to testify. In response, 
the prosecutor asked the trial judge to strike her last sentence. Appellant 
points out that she did not ask that both sentences referring to Appellant’s 
lack of remorse be struck. The trial court sustained the objection and 
instructed the jury to disregard the comment but denied Appellant’s motion for 
mistrial.
        Finally, 
in his twelfth point, Appellant complains of the prosecutor’s following 
argument, “Give those girls the peace of mind for the rest of their life that 
they’re not looking over their shoulder to see if and when he ever gets out 
and watches.“ Appellant objected that the argument was outside the record 
because there was no evidence of their fear. The trial court sustained the 
objection and granted an instruction to disregard but denied the motion for 
mistrial.
        Summation 
of the evidence and reasonable deductions from the evidence are proper areas of 
jury argument.[3]  The arguments complained of in 
Appellant’s fourth, seventh, and eighth points fall within these two areas. 
The trial court properly overruled the objections to those arguments.
        It 
is not proper to go outside the record, and it is not proper to comment on 
Appellant’s failure to testify. The trial court found that the arguments 
complained of in points five, six, nine, ten, eleven, and twelve were improper 
and sustained Appellant’s objections. Generally an instruction to disregard is 
sufficient to cure the harm of improper argument.[4]  
We hold that the instructions were sufficient as to the arguments complained of 
in points five, six, nine, ten, and twelve.
        As 
to the argument referred to in point eleven, the prosecutor asked the trial 
judge to strike her last sentence. While the court reporter chose to divide the 
prosecutor’s words into two sentences, it is not clear that the prosecutor 
intended two separate sentences. Grammatically, if the court reporter had chosen 
to put a comma after the word casing instead of a period, there would be 
only a single sentence referring to remorse. Given the combination of the 
prosecutor’s request that the last statement be stricken and the trial 
court’s instruction, we hold that the action of the trial court cured any harm 
resulting from the improper argument. We overrule Appellant’s points four 
through twelve.
        Having 
overruled Appellant’s twelve points, we affirm the trial court’s judgment.
  
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
   
 
PANEL B:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 24, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Jones v. State, 119 S.W.3d 766, 784 (Tex. Crim. App. 2003), cert. denied, 
424 S. Ct. 2836 (2004); Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. 
App. 1999), cert. denied, 529 U.S. 1102 (2000).
3.  Guidry 
v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999), cert. denied, 
531 U.S. 837 (2000).
4.  Faulkner 
v. State, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) 
(en banc op. on reh’g).